FILED

1  Martin E. Rosen (108998), mrosen@bargerwolen.com
   James A. Hazlehurst (257711), jhazlehurst@bargerwolen.com
2  BARGER & WOLEN LLP
   633 West Fifth Street, 47th Floor
3  Los Angeles, California 90071
   Telephone: (213) 680-2800
4  Facsimile: (213) 614-7399

13 FEB 22 AM 11: 33

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

5  Attorneys for Plaintiff
   The Lincoln National Life
6  Insurance Company

BY:_____

7

8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10

11  THE LINCOLN NATIONAL LIFE          **CV13-01312-DSF(OP)**
    INSURANCE COMPANY,                 CASE NO.
12
                  Plaintiff,           **COMPLAINT FOR:**
13
        vs.                            **1) MONEY HAD AND RECEIVED**
14                                     **2) UNJUST ENRICHMENT**
                                       **3) DECLARATORY RELIEF**
15  JACQUELINE CAMPANELLA BELL,
    CAREY THOMAS BELL, JOANIE
16  ROAN, and DOES 1 through 10,
    inclusive,
17
                  Defendants.
18

19

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

Plaintiff, The Lincoln National Life Insurance Company ("Lincoln National"), alleges as follows:

## JURISDICTION AND VENUE

1. <u>Jurisdiction</u>.  This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a) in that the parties to this action are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

2. <u>Venue</u>.  Venue is proper in the Central District of California pursuant to 28 U.S.C. Section 1391(a)(2) in that the events giving rise to this dispute occurred in Los Angeles County, California.

## PARTIES

3. Lincoln National is, and at all times relevant times was, an insurance company organized and existing under the laws of Indiana, with its principal place of business in the state of Indiana.

4. Lincoln National is informed and believes, and on that basis alleges, that Jacqueline Campanella Bell ("Jacqueline") is, and at all relevant times herein was, a citizen of the State of California, and a resident of Los Angeles County, and is sued in her individual capacity.

5. Lincoln National is informed and believes, and on that basis alleges, that Carey Thomas Bell ("Carey") is, and at all relevant times herein was, a citizen of the State of California, and a resident of Los Angeles County, and is sued in his individual capacity.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

6.     Lincoln National is informed and believes, and on that basis alleges, that Joanie Roan ("Roan") is, and at all relevant times herein was, a citizen of the State of California, and a resident of Los Angeles County, and is sued in her individual capacity and as the administrator of the Estate of Roxie Campanella.

7.     Defendants Does 1 through 50, inclusive, are sued herein under fictitious names.  Their true names and capacities are unknown to Lincoln National.  When their true names and capacities are ascertained, Lincoln National will amend this Complaint by inserting their true names and capacities herein.

## GENERAL ALLEGATIONS

8.     On June 11, 1984, Alexander Hamilton Life Insurance Company of America ("Alexander Hamilton") issued an annuity contract to Roy Campanella ("Roy") – contract no. 400000675-4 (the "Annuity").  The Annuity guaranteed monthly payments in the amount of $2,250 for 20 years from July 1, 1984 to June 1, 2004.  Afterwards, monthly payments would continue for the life of the survivor of Roy and his wife, Roxie Campanella ("Roxie").  If both Roy and Roxie died before the 20-year period of guaranteed payments expired, Jacqueline was the primary beneficiary of any remaining guaranteed payments, and Carey was the secondary beneficiary.

9.     Lincoln National is the successor by merger to Alexander Hamilton.

10.     Both Roy and Roxie died before the 20-year guaranteed payment period expired.  Roy died on June 26, 1993.  Roxie died on March 14, 2004.  Therefore, benefit payments were only due under the Annuity through June 1, 2004.

11.  Lincoln National did not learn of Roxie's death until January 2009. From July 1, 2004 to January 1, 2009, Lincoln National continued making $2,250 monthly benefit payments that were not owed under the Annuity.  The total amount of the Annuity overpayment during this time period was $123,750.00.

12.  The overpaid monthly benefits were wired to a Bank of America branch in Garden Grove, California.  Lincoln National is informed and believes and on that basis alleges the Bank of America account was maintained for the beneficiaries of the Estate of Roxie Campanella.

13.  Lincoln National is informed and believes and on that basis alleges that Jacqueline, Carey and Joanie (collectively "Defendants") are beneficiaries of the Estate of Roxie Campanella and recipients of the Annuity overpayments.

14.  Lincoln National is informed and believes and on that basis alleges that other beneficiaries of the Estate of Roxie Campanella whose identities are currently unknown to Lincoln National were also recipients of the Annuity overpayments.

15.  Upon learning of Roxie's death and the Annuity overpayments, Lincoln National sent Jacqueline a letter dated February 5, 2009 identifying the amount of the overpayment and explaining that due to Roxie's death on March 14, 2004, Annuity payments were not due after June 1, 2004.  Lincoln National requested that Jacqueline reimburse it for the amount of the overpayment.  Lincoln National did not receive a response from Jacqueline.

16.  Lincoln National also sent Bank of America a letter dated March 11, 2009 that identified the amount of the overpayment, explained the cause of the overpayment and requested reimbursement of the amount overpaid.  Lincoln National

sent follow-up letters to Bank of America on October 13, 2009 and November 16, 2009.  Lincoln National did not receive a response from Bank of America.

17.   Lincoln National sent a letter dated April 8, 2011 to the Estate of Roxie Campanella, identifying the amount of the overpayment, explaining the cause of the overpayment and seeking reimbursement of the amount overpaid.  On May 15, 2012, Lincoln National sent another letter to the Estate of Roxie Campanella.

18.   By letter dated May 30, 2012, attorney Donald E. Karpel responded to Lincoln National on behalf of the Estate of Roxie Campanella.  In his letter, attorney Karpel requested a copy of the Annuity and an accounting of the overpayments by date, amount and payee.

19.   Lincoln National responded to attorney Karpel by letter dated July 11, 2012.  Lincoln National's letter enclosed all of the information requested by attorney Karpel.

20.   As of the date of this complaint, Defendants have failed to return the improperly withheld Annuity benefits that were overpaid.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF – MONEY HAD AND RECEIVED
(Against All Defendants)

21.   Lincoln National realleges and by this reference incorporates paragraphs 1 through 20 of this Complaint.

22.   Based on the mistaken belief that Roxie was alive, Lincoln National paid Defendants benefits that were not due under the Annuity in the total amount of $123,750.00.

23.   As previously alleged, Defendants have no right to the $123,750.00 in benefits that were erroneously paid under the Annuity.  Defendants have failed to return the overpaid Annuity benefits to Lincoln National.

24.   There is now due, owing, and unpaid all Annuity benefit overpayments improperly withheld by Defendants, in the amount of $123,750.00, plus interest thereon at the legal rate from July 1, 2004.

<u>SECOND CLAIM FOR RELIEF – UNJUST ENRICHMENT</u>
(Against All Defendants)

25.   Lincoln National realleges and by this reference incorporates paragraphs 1 through 24.

26.   Defendants have received benefits under the Annuity in the amount of $123,750.00 based on the mistaken belief that Roxie was alive.

27.   Defendants were not entitled to the benefits under the Annuity due to Roxie's death.

28.   Lincoln National has made written demands for Defendants to return the benefits erroneously paid to them based upon the mistaken belief that Roxie was alive.

29.  As a result of Defendants failure to return the improperly withheld Annuity overpayments, they are unjustly in possession of $123,750.00, which is being withheld at Lincoln National's expense.

30.  As a result, Lincoln National has been damaged in the amount of $123,750.00, the amount now due, owing and unpaid, with interest thereon at the legal rate from July 1, 2004.

### THIRD CLAIM FOR RELIEF – DECLARATORY RELIEF
(Against All Defendants)

31.  Lincoln National realleges and by this reference incorporates paragraphs 1 through 30.

32.  An actual controversy has arisen and now exists between Lincoln National and Defendants regarding those parties' respective rights to the benefits paid to Defendants under the Annuities.

33.  Lincoln National believes that Defendants are wrongfully in possession of the $123,750.00 in benefits paid to them under the Annuities.

34.  Lincoln National is informed and believes and on that basis alleges that Defendants dispute the contentions of Lincoln National as set forth in paragraph 33, above, and that Defendants deny that they have any obligation to repay Lincoln National any portion of the monies paid to them as benefits under the Annuities.

35.  By reason of the foregoing, there now exists an actual, justiciable controversy between the parties.  This Court is vested with the power in the case to

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

declare and adjudicate the rights and legal relationships of the parties to this action with reference to the issues raised in this Complaint.

36.  Lincoln National desires a judicial determination of the rights and obligations of each of the parties to this action arising with respect to the Annuity benefits paid to Defendants.

37.  A judicial determination is necessary, appropriate, and desirable at this time in order that each of the parties may ascertain their respective rights and duties as to one another and may conduct themselves accordingly now and in the future.

**WHEREFORE,** Lincoln National prays for judgment as follows:

1.  For restitution from Defendants in the amount of the Annuity benefits improperly withheld by them, plus interest at the legal rate from July 1, 2004;

2.  For a declaratory judgment of this Court with respect to the benefits paid to Defendants under the Annuity decreeing the rights and obligations of the parties;

3.  That Lincoln National be awarded its costs of suit herein; and

4.  For such other and further relief as the Court may deem proper and just.

1    Dated:  February 21, 2013                BARGER & WOLEN LLP
2
3                                             By: *James A. Hazlehurst*
4                                                 MARTIN E. ROSEN
                                                  JAMES A. HAZLEHURST
5                                                 Attorneys for Plaintiff The Lincoln
                                                  National Life Insurance Company
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Name & Address: Barger & Wolen LLP
Martin E. Rosen (108998)
James A. Hazlehurst, Esq. (257711)
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
(213) 680-2800 / Fax: (213) 614-7399

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV13-01312**-DSF/OPx |
| v. | |
| JACQUELINE CAMPANELLA BELL, CAREY THOMAS BELL, JOANIE ROAN, and DOES 1 through 10, inclusive | **SUMMONS** |
| DEFENDANT(S). | |

☐ ORIGINAL

TO:   DEFENDANT(S): Jacqueline Campanella Bell; Carey Thomas Bell; and Joanie Roan

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Martin E. Rosen _____, whose address is 633 West Fifth Street, 47th Floor, Los Angeles, California 90071 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: 2/22/2013

Clerk, U.S. District Court

By: _____
       Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                          **SUMMONS**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

### I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ )

The Lincoln National Life Insurance Company

### DEFENDANTS ( Check box if you are representing yourself ☐ )

Jacqueline Campanella Bell, Carey Thomas Bell, Joanie Roan, and DOES 1 through 50, Inclusive

**(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)**
Martin E. Rosen; James A. Hazlehurst
Barger & Wolen LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071 - (213) 680-2800

**(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)**

### II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)

☒ 1. Original Proceeding   ☐ 2. Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Reinstated or Reopened   ☐ 5. Transferred from Another District (Specify)   ☐ 6. Multi-District Litigation

### V. REQUESTED IN COMPLAINT: JURY DEMAND: ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ MONEY DEMANDED IN COMPLAINT: $ $123,750 plus interest

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332(a)

### VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☒ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/ Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: **CV13-01312**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Indiana |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Jacqueline Campanella Bell - Los Angeles County<br>Carey Thomas Bell - Los Angeles County<br>Joanie Roan - Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** *James a. Hayhurst*   DATE: February 21, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |